

**U.S. Department of Justice**

Civil Rights Division

---

*Office of the Assistant Attorney General*                    *Washington, D.C. 20530*

August 18, 2025

Via Mail and Email

The Honorable Shenna Bellows
Secretary of State
148 State House Station
Augusta, Maine 04333-0148
shenna.bellows@maine.gov
sos.office@maine.gov

Re:   **Maine Voter Registration List with All Fields**

Secretary Bellows:

This letter responds to your letter of August 8, 2025. This communication is limited to our request for Maine's voter registration list ("VRL") to assess the State's compliance with the statewide voter registration list maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501 *et seq.* Our request is pursuant to the Attorney General's authority under Section 11 of the NVRA to bring enforcement actions. *See* 52 U.S.C. § 20501(a).

As the Attorney General requested, the electronic copy of the statewide VRL must contain all fields, including the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA")1 to register individuals for federal elections. See 52 U.S.C. § 21083(a)(5)(A)(i).

As you know, the First Circuit Court of Appeals confirmed that "Maine's Voter File is a 'record[] concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters' and is thus subject to disclosure under Section 8(i)(1)." *Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 49 (1st Cir. 2024). In the same decision, the First Circuit found that a provision of Maine's state privacy law was preempted by the NVRA. *Id.* at

---

[1] In charging the Attorney General with enforcement of the voter registration list requirements in the HAVA and in the NVRA, Congress plainly intended that Justice Department be able to conduct an independent review of each state's list. Any statewide prohibitions are clearly preempted by federal law.

53 ("Maine may not "condition [] [the right to vote] ... upon compliance with a rule ... [that] is inconsistent in both purpose and effect with the remedial objectives of the [NVRA].").

HAVA, 52 U.S.C. § 20901 *et seq.*, also provides authority for the Justice Department to seek the State's VRL via Section 401, which makes the Attorney General solely responsible for actions to enforce HAVA's computerized statewide Voter Registration List requirements. *See* 52 U.S.C. § 21111; *see also Brunner v. Ohio Republican Party*, 555 U.S. 5, 6 (2008) (*per curiam*) (finding there is no private right of action to enforce those requirements in HAVA).

In addition to those authorities, the Attorney General is also empowered by Congress to request records pursuant to Title III of the Civil Rights Act of 1960 ("CRA"), codified at 52 U.S.C. § 20701 *et seq*. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of 22 months after any federal general, special or primary election. *See* 52 U.S.C. § 20701.

Section 303 of the CRA provides, in pertinent part, "Any record or paper required by section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative...." 52 U.S.C. § 20703.

Pursuant to the foregoing authorities, including the CRA, the Attorney General is demanding an electronic copy of Maine's complete and current VRL. The purpose of the request is to ascertain Maine's compliance with the list maintenance requirements of the NVRA and HAVA.

As required by Section 303 of the CRA, our letter dated July 24, 2025, provided you with "a statement of the basis and the purpose therefore," *id.*, namely, to assist in our determination of whether Maine's list maintenance program complies with the NVRA. At your request, we have reaffirmed that statement in this correspondence.

In addition to the full electronic VRL, we also request by this letter a copy of all original and completed voter registration applications submitted to the State of Maine from December 1, 2023, through July 1, 2025. To be clear, that means copies of all voter registration applications completed and submitted by prospective voters during that time period. When providing a copy of the requested completed registration applications Maine must ensure that they are provided in unredacted format.

Your letter dated August 8, 2025, also indicated concern regarding federal privacy protections of the VRL and other requested information by the Justice Department. Section 304 of the CRA provides the answer:

> Unless otherwise ordered by a court of the United States, neither the Attorney General nor any employee of the Department of Justice, nor any other representative of the Attorney General, shall disclose any record or paper produced pursuant to this chapter,

or any reproduction or copy, except to Congress and any committee thereof, governmental agencies, and in the presentation of any case or proceeding before any court or grand jury.

52 U.S.C. § 20704. As you noted, other federal laws may be applicable, including the Privacy Act. All data received from you will be kept securely and treated consistently with the Privacy Act. Maine's privacy laws, to the extent they are inconsistent with federal law, are preempted.

HAVA specifies that the "last 4 digits of a social security number . . . shall not be considered a social security number for purposes of section 7 of the Privacy Act of 1974" (5 U.S.C. § 552(a) note); 52 U.S.C. § 21083(c)). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Justice Department is now doing.

To that end, provide the requested electronic VRL[2] to the Justice Department within seven days or by August 25, 2025.

Maine's VRL and the requested original and completed voter registration applications may be sent by encrypted email to voting.section@usdoj.gov or via the Department's secure file-sharing system, Justice Enterprise File Sharing ("JEFS"). Should further clarification be required, please contact Maureen Riordan at maureen.riordan2@usdoj.gov.

Regards,

*[signature: Harmeet K. Dhillon]*

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division

cc: The Honorable Julie Flynn
Deputy Secretary of State
184 State House Station
Augusta, Maine 04333-0101
julie.flynn@maine.gov

---

[2] Containing *all fields*, which includes either the registrant's full name, date of birth, residential address, their state driver's license number or the last four digits of the registrant's social security number as required by HAVA.

3