# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:25-CV-468-KFW ) |
| SHENNA BELLOWS, in her official capacity as Secretary of the State of Maine, and the STATE OF MAINE, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE COMPELLED TO PRODUCE RECORDS DEMANDED PURSUANT TO THE CIVIL RIGHTS ACT OF 1960

Plaintiff, UNITED STATES OF AMERICA, by and through the Attorney General, pursuant to Title III of the Civil Rights Act of 1960 ("CRA"), 52 U.S.C. § 20701, *et seq.*, hereby moves this Honorable Court for an Order to Show Cause requiring Defendants, the STATE OF MAINE and SHENNA BELLOWS, Secretary of State, to show cause why they should not be compelled to produce the documents requested by the Plaintiff. The United States offers the attached Memorandum of Law in Support of its Motion to Show Cause.

### Introduction

1. The Attorney General has been tasked by Congress with enforcement authority for both the National Voter Registration Act ("NVRA") and the Help America Vote Act ("HAVA"). *See* 52 U.S.C. § 20510(a) and 52 U.S.C. § 21111. Both statutes require Defendants to conduct specified maintenance of Maine's voter registration list. These requirements are an integral measure to ensure that Defendants' statewide voter registration lists ("SVRL") are accurate.

1

Ensuring the accuracy of the list of eligible voters preserves the integrity of Defendants' federal election procedures.

2. Pursuant to Section 301 of the CRA, 52 U.S.C. § 20701, "every officer of election shall retain and preserve, for a period of twenty-two months from the date of any general, special, or primary election of which candidates for the office of President, Vice President, presidential elector, Member of the Senate, Member of the House of Representatives, or Resident Commissioner from the Commonwealth of Puerto Rico are voted for, all records and papers which come into his possession relating to any *application, registration*, payment of poll tax, or other act requisite to voting in such election[.]" (emphasis added).

3. Further, Section 303 of the CRA provides, "Any record or paper required by section 301 to be retained and preserved shall, *upon demand in writing by the Attorney General* or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative. This demand shall contain a statement of the basis and the purpose therefor." 52 U.S.C. § 20703 (emphasis added).

**Attorney General Made a Demand for Records Pursuant to Section 303 of the CRA, 52 U.S.C. § 20703.**

4. On August 18, 2025, the United States made a demand under the CRA for records regarding voter registration of the Defendant, Shenna Bellows, Maine Secretary of State. Specifically, the United States requested "the electronic copy of the statewide VRL must contain all fields, including the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required

under the Help America Vote Act ("HAVA") to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i)." Ex. 1 at 1.

5. The United States also informed the Defendant that the purpose of the request was to ascertain Defendant's compliance with federal law. Specifically, the list maintenance requirements of both the National Voter Registration Act and the Help America Vote Act. *Id.*

6. On September 8, 2025, Secretary Bellows refused to provide the demanded records. *See* Ex. 2 at 3.

8. The United States brings this action to compel the Defendants to produce the requested records forthwith.

9. Section 305 of the CRA, 52 U.S.C. § 20705, provides that "[t]he United States District Court for the district in which a demand is made pursuant to Section 303, or in which a record or paper so demanded is located, shall have jurisdiction by appropriate process to compel the production of such record of paper.

**Conclusion**

For the foregoing reasons, Plaintiff requests that this Court enter an Order directing Defendants to show cause why it has failed to produce the demanded records. Plaintiff further requests this Court:

A. **ORDER** Defendants to produce the documents requested immediately.

Dated: September 18, 2025

        Respectfully submitted,

        HARMEET K. DHILLON
        Assistant Attorney General
        Civil Rights Division

        MICHAEL E. GATES
        Deputy Assistant Attorney General
        Civil Rights Division

        */s/ David D.Vandenberg*
        MAUREEN S. RIORDAN
        Acting Chief, Voting Section
        Civil Rights Division
        TIMOTHY F. MELLETT
        DAVID VANDENBERG
        Attorneys, Voting Section
        Civil Rights Division
        950 Pennsylvania Avenue 4CON
        Washington, DC 20530
        Maureen.Riordan2@usdoj.gov
        Timothy.F.Mellett@usdoj.gov
        David.Vandenberg@usdoj.gov
        Tel. (202) 307-2767
        Attorneys for the United States