IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:25-CV-468-KFW |
| SHENNA BELLOWS in her official capacity as Secretary of the State of Maine and the STATE OF MAINE. | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION

Maureen S. Riordan, for her declaration, pursuant to 28 U.S.C. 1746, deposes and says:

1. I am currently a Senior Counsel and Acting Chief of the Voting Section of the Civil Rights Division (the "Voting Section") of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States' motion, brought on by the Order to Show Cause for refusal to produce election registration records, pursuant to the Civil Rights Act codified at 52 U.S.C. § 20701, *et seq*.

2. The National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501, *et seq*, and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et seq*., require each state to perform voter list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 11 of the NVRA and Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements of both statutes. *See* 52 U.S.C. § 20510(a) and 52 U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division.

3.  One of my principal responsibilities is monitoring states' compliance with the requirements of the NVRA and HAVA, including the filing of enforcement actions for noncompliance.

4.  On August 18, 2025, the Civil Rights Division sent a demand pursuant to 52 U.S.C. § 20701, *et seq*., to Secretary of State Bellows, requesting that "the electronic copy of the statewide [voter registration list] must contain all fields, including the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA") to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i)."

5.  The letter informed the Secretary that the purpose of the demand for these records was to ascertain Maine's compliance with the list maintenance requirements of federal laws, specifically the NVRA and HAVA.

6.  The Department further advised Secretary Bellows that the Attorney General will keep all data received pursuant to our demand secure and treat it consistently with the Privacy Act.

7.  The letter further explained that HAVA specifies that the last 4 digits of a social security number…shall not be considered a social security number for purposes of Section 7 of the Privacy Act of 1974. (5 U.S.C. § 522a note). The demand also instructed that any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. §2721(b)(1), is exempted, when the disclosure is for use by a government agency in carrying out the agency's enforcement authority, which the Department of Justice is now endeavoring to do.

8.  The request specified a deadline for response of August 25, 2025.

9. After the Department granted an extension, on September 8, 2025, Secretary of State Bellows refused to provide the requested records.

I affirm under the penalty of perjury that the above statements are true and correct.

Dated: September 18, 2025
Washington, DC.

*Maureen S. Riordan*
Maureen S. Riordan