# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENNA BELLOWS, in her official capacity as the Secretary of the State of Maine, and the STATE OF MAINE,<br><br>Defendants. | Case No. 1:25-CV-468-KFW<br><br>[PROPOSED] ANSWER |

### JOHN SCHNECK AND MARPHEEN CHANN'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Proposed Intervenor-Defendants ("Proposed Intervenors") John Schneck and Marpheen Chann answer Plaintiff's Complaint (ECF No. 1), as follows:

The Complaint begins with two unnumbered paragraphs to which no response is required. To the extent a response is required, Proposed Intervenors incorporate by reference the below paragraphs as their response, deny the allegations, and deny that Plaintiff is entitled to any relief.

### INTRODUCTION

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the United States has filed the instant action but otherwise deny the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

1

Intervenors admit that the cited statutes contain the quoted text and that the statutes speak for themselves. Proposed Intervenors deny that Defendants have violated the National Voter Registration Act ("NVRA") or the Help America Vote Act ("HAVA").

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself. Proposed Intervenors deny the remaining allegations in Paragraph 3.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the United States has filed the instant action but deny that the action is proper or that Plaintiff is otherwise entitled to any relief.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States as a Plaintiff and that it alleges purported violations of federal law. Proposed Intervenors otherwise deny the allegations.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendants are located in and conduct election administration in Maine.

## PARTIES

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 7.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant State of Maine is a state of the United States of America and is subject to certain provisions of the NVRA, HAVA, and CRA.

9. Proposed Intervenors admit that Shenna Bellows is the Mane Secretary of State and that she is sued in her official capacity. The remaining allegations in Paragraph 9 contain legal contentions, characterizations, conclusions, and opinions to which no response is required.

## STATUTORY BACKGROUND

### The NVRA

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself. Proposed Intervenors deny the remaining allegations in Paragraph 11.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the quoted language appears in the cited sources and that those sources speak for themselves.

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

    a. Subpart (a) of Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

    b. Subpart (b) of Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. § 20507(c) sets forth a process by which a state "may meet the requirements of" of 52 U.S.C. § 20507(a). Section 20507(c) speaks for itself as to that process.

16. Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

17. Paragraph 17 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

### The Help America Vote Act

18. Paragraph 18 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text. Proposed Intervenors deny the remaining allegations in Paragraph 18.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text and that the document speaks for itself.

20. Paragraph 20 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

21. Paragraph 21 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the definition of a "state" outlined in 52 U.S.C. § 21141 includes Maine.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. § 21083(a)(4)(A) references the NVRA and that the statute speaks for itself.

26. Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself. Proposed Intervenors deny that HAVA authorizes the relief the Department of Justice seeks.

27. Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegation.

## The Civil Rights Act of 1960

28. Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. § 20701 *et seq.* empowers the Attorney General to request certain records in certain circumstances and subject to legal requirements. Proposed Intervenors deny that the Attorney General is empowered to request each of the records that are the subject of this litigation. Proposed Intervenors further deny that the Attorney General has a sufficient basis or purpose for the records requests at issue in this litigation.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself. Proposed Intervenors deny that the statute authorizes the demands that are the subject of this litigation.

## FACTUAL ALLEGATIONS

31. Paragraph 31 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that on July 24, 2025, the United States sent a letter to Secretary Bellows seeking information regarding Maine's voter registration list.

32. Paragraph 32 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited website contains the quoted text.

33. Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited website contains the quoted text. Proposed Intervenors otherwise deny the allegations.

34. Proposed Intervenors admit that the cited document requested data from the close of registration for the November 2022 general election through the close of registration for the November 2024 general election.

35. Proposed Intervenors admit that the cited document requested that Maine produce the requested information and records by encrypted email or via the Department's secure file-sharing system, Justice Enterprise File Sharing (JEFS). Proposed Intervenors deny that the Department was authorized to demand this information or that Maine was required to provide it.

36. Paragraph 36 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text and that the document speaks for itself.

37. Paragraph 37 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

38. Paragraph 38 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the Department of Justice's letter claimed that Maine's voter registration rate is 92.4% of the citizen voting-age population and asked Maine to explain what list maintenance actions it is taking to remove ineligible voters.

39. Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text regarding Maine's voter registration rate and that the document speaks for itself.

40. Paragraph 40 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Maine's response speaks for itself. Proposed Intervenors deny the allegations to the extent they suggest Maine has violated the NVRA or any other federal law.

41. Paragraph 41 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text and that the document speaks for itself.

42. Paragraph 42 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text and that the document speaks for itself. Proposed Intervenors deny the allegations to the extent they suggest Maine has violated the NVRA or any other federal law.

43. Paragraph 43 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the correspondence speaks for itself. Proposed Intervenors deny the allegations to the extent they suggest Maine has violated the NVRA or any other federal law.

44. Paragraph 44 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the correspondence speaks for itself. Proposed Intervenors deny the allegations to the extent they suggest Maine has violated the NVRA or any other federal law.

45. Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the correspondence speaks for itself. Proposed Intervenors deny the allegations to the extent they suggest Maine has violated the NVRA or any other federal law.

46. Paragraph 46 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text and that the document speaks for itself.

47. Paragraph 47 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the cited document contains the quoted text and that the document speaks for itself. Proposed Intervenors deny the remaining allegations in Paragraph 47.

48. Paragraph 48 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text and that the document speaks for itself. Proposed intervenors deny the remaining allegations in Paragraph 48.

49. Paragraph 49 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text and that the document speaks for itself. Proposed Intervenors deny the remaining allegations in Paragraph 49.

50. Paragraph 50 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text and that the document contains the quoted text. Proposed Intervenors deny the remaining allegations in Paragraph 50.

51. Paragraph 51 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the correspondence speaks for itself. Proposed Intervenors deny the allegations in Paragraph 51 to the extent they suggest there was any deficiency with Secretary Bellows's response.

52. Paragraph 52 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the Civil Rights Division is required to comply with the Privacy Act. Proposed Intervenors otherwise deny that the Civil Rights Division has complied with the Privacy

Act or has adopted the necessary practices and procedures to do so.

53. Paragraph 53 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny that the Civil Rights Division has complied with the Privacy Act.

54. Paragraph 54 and footnote 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 54 and footnote 1 and therefore denies them.

55. Paragraph 55 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 55 and therefore denies them.

## CAUSE OF ACTION

### COUNT I: NATIONAL VOTER REGISTRATION ACT, 52 U.S.C. § 20507(i)

56. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

57. Paragraph 57 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 57.

58. Proposed Intervenors deny the allegations in Paragraph 58.

### COUNT II: HELP AMERICA VOTE ACT, 52 U.S.C. § 21083

59. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

60. Proposed Intervenors deny the allegations in Paragraph 60.

61. Proposed Intervenors deny the allegations in Paragraph 61.

62. Proposed Intervenors deny the allegations in Paragraph 62.

63. Proposed Intervenors deny the allegations in Paragraph 63.

## COUNT III: CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

64. Paragraph 64 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the Attorney General sent a letter to Secretary Bellows on August 18, 2025, and deny the remaining allegations in Paragraph 64.

65. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 65.

The complaint next includes unnumbered paragraphs, including sub-paragraphs (A)–(D), demanding equitable and declaratory relief. Proposed Intervenors deny that the United States is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal

law.

5. Plaintiff lacks authority to bring a cause of action.

6. Maine law, 21 AM.R.S.A. § 196-A, grants the Proposed Intervenors' right to keep their highly sensitive personal information confidential, and preservation of those state rights does not conflict with or otherwise violate federal law.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint for Declaratory and Injunctive Relief, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint for Declaratory and Injunctive Relief;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Complaint for Declaratory and Injunctive Relief and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.


Dated: September 23, 2025

        Respectfully submitted,

        */s/ James G. Monteleone*
        James G. Monteleone
        **BERNSTEIN SHUR**
        100 Middle Street/PO Box 9729
        Portland, Maine 04104-5029
        jmonteleone@bernsteinshur.com

        Elisabeth C. Frost*
        Christopher D. Dodge*
        Branden D. Lewiston*
        Tori Shaw*
        **ELIAS LAW GROUP LLP**

        250 Massachusetts Ave NW
        Suite 400
        Washington, DC 20001
        Telephone: (202) 968-4490
        efrost@elias.law
        cdodge@elias.law
        blewiston@elias.law
        tshaw@elias.law

        *Pro Hac Vice Applications Forthcoming

        *Counsel for Proposed Intervenors John Schneck and Marpheen Chann*