# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>SHENNA BELLOWS, in her official capacity as the Secretary of State of Maine, and the STATE OF MAINE<br><br>*Defendants*. | Case No. 1:25-CV-468-KFW |

**LEAGUE OF WOMEN VOTERS OF MAINE'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Proposed Intervenor-Defendant the League of Women Voters of Maine ("Proposed Intervenor-Defendant") answers Plaintiff's Complaint (ECF No. 1) as follows:

Proposed Intervenor-Defendant incorporates by reference the paragraphs below as their response, denies the allegations, and denies that Plaintiff is entitled to any relief, for the unnumbered introductory paragraphs.

1. Proposed Intervenor-Defendant denies that this action properly arises under the statutes cited in Paragraph 1.

2. Proposed Intervenor-Defendant denies, based on the information available, that Shenna Bellows, in her official capacity as the Secretary of State of Maine, and the State of Maine ("Defendants") have failed to comply with the National Voter Registration Act ("NVRA") or Help America Vote Act ("HAVA"). Proposed Intervenor-Defendant admits that the second and third sentences of Paragraph 2 are accurate.

1

3. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 3 is correctly quoted from HAVA but denies the remaining allegations.

4. Proposed Intervenor-Defendant denies that the action is proper or that Plaintiff is otherwise entitled to any relief.

## JURISDICTION AND VENUE[1]

5. Proposed Intervenor-Defendant admits the allegations in Paragraph 5.

6. Proposed Intervenor-Defendant admits the allegations in Paragraph 6.

## PARTIES

7. Proposed Intervenor-Defendant denies the allegations in Paragraph 7.

8. Proposed Intervenor-Defendant admits that Defendant State of Maine is a state of the United States and is subject to certain provisions of the NVRA, HAVA, and Civil Rights Act ("CRA").

9. Proposed Intervenor-Defendant admits that Defendant Secretary of State Shenna Bellows is sued in her official capacity.

## STATUTORY BACKGROUND
### The NVRA

10. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 10 is correctly quoted from the NVRA but denies the remaining allegations.

11. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 11 is correctly quoted from the NVRA but denies the remaining allegations.

---

[1] Headings from the Complaint are reproduced here for clarity. This is not intended to admit any allegation contained in the Complaint. To the extent any heading or subheading in the Complaint constitutes an allegation, that allegation is denied.

12. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 12 is correctly quoted from the NVRA but denies the remaining allegations.

13. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 13 is correctly quoted from the NVRA and legislative history but denies the remaining allegations.

14. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 14 is correctly quoted from the NVRA but denies the remaining allegations.

15. Proposed Intervenor-Defendant admits that the description of an example of list maintenance in the NVRA in Paragraph 15 is accurate but denies the remaining allegations.

16. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 16 is correctly quoted from the NVRA but denies the remaining allegations.

17. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 17 is correctly quoted, but the provision applies to this "chapter."

## The Help America Vote Act

18. Proposed Intervenor-Defendant admits that quoted text in Paragraph 18 is correctly quoted from the legislative history cited but denies the remaining allegations.

19. Proposed Intervenor-Defendant admits that quoted text in Paragraph 19 is correctly quoted from the legislative history cited but denies the remaining allegations.

20. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 20 is correctly quoted from HAVA but denies the remaining allegations.

21. Proposed Intervenor-Defendant admits the quoted text in Paragraph 21 is correctly quoted but denies that this provision is the only requirement for computerized lists under HAVA.

22. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 22 is correctly quoted from HAVA but denies the remaining allegations.

23. Proposed Intervenor-Defendant denies the allegations in Paragraph 23.

24. Proposed Intervenor-Defendant admits that Maine falls within the definition of "state" outlined in 52 U.S.C. § 21141.

25. Proposed Intervenor-Defendant admits that HAVA incorporates by reference certain provisions of the NVRA and denies that these provisions necessarily apply to all states covered under HAVA.

26. Proposed Intervenor-Defendant denies that HAVA vests the Attorney General with sole authority to bring a civil suit but admits that the quoted text in Paragraph 26 is correctly quoted from HAVA.

27. Proposed Intervenor-Defendant denies the allegation in Paragraph 27.

### The Civil Rights Act of 1960

28. Proposed Intervenor-Defendant denies that the CRA authorizes the Attorney General to request each of the records that are the subject of this action under these circumstances. Proposed Intervenor-Defendant further denies that the Attorney General has stated a sufficient basis for receiving the records at issue.

29. Proposed Intervenor-Defendant denies that Paragraph 29 accurately represents Section 301 of the CRA.

30. Proposed Intervenor-Defendant denies that the CRA authorizes the Attorney General to request each of the records that are the subject of this action. Proposed Intervenor-Defendant denies that the Attorney General has stated a sufficient basis for receiving the records at issue.

## FACTUAL ALLEGATIONS

31. Proposed Intervenor-Defendant admits that Plaintiff sent a letter to Secretary Bellows seeking information regarding Maine's voter registration list. Proposed Intervenor-Defendant admits the letter sought the information described in Paragraph 31, but denies any allegations that Plaintiff is entitled to that information.

32. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 32 is correctly quoted from the EAC website.

33. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 32 is correctly quoted from the EAC website.

34. Proposed Intervenor-Defendant denies that the document cited asked questions regarding Maine's compliance with the NVRA. Proposed Intervenor-Defendant admits that the period for the inquiries was the close of registration for the November 2022 general election through the close of registration for the November 2024 general election. Proposed Intervenor-Defendant lacks sufficient information to admit or deny allegations pertaining to the basis for the July 24 letter.

35. Proposed Intervenor-Defendant admits that the document cited asked Maine to produce the information and records by encrypted email or via the Department's secure file-sharing system, Justice Enterprise File Sharing ("JEFS") but denies the remaining allegations in Paragraph 35. Proposed Intervenor-Defendant denies that the Department was authorized to request this information and that federal law required Maine to produce it.

36. Proposed Intervenor-Defendant admits that Secretary Bellows sent a letter on August 8, 2025. Proposed Intervenor-Defendant lacks sufficient information to admit or deny allegations pertaining to the basis for the August 8 letter. Proposed Intervenor-Defendant

5

denies that Secretary Bellows "refus[ed]" to provide Maine's State Voter Registration List ("SVRL"). Proposed Intervenor-Defendant admits that the quoted text in Paragraph 36 correctly quoted from the August 8 letter, with modifications, but denies the remaining allegations. Proposed Intervenor-Defendant admits that Secretary Bellows asked about the Department's intentions for Maine's SVRL.

37. Proposed Intervenor-Defendant denies, based on the information available, that the answers contained in Secretary Bellows's August 8 letter were insufficient for the United States to evaluate compliance with HAVA and the NVRA. Proposed Intervenor-Defendant denies allegations that suggest Defendant violated federal law.

38. Proposed Intervenor-Defendant denies, based on the information available, that the answers contained in Secretary Bellows's August 8 letter were insufficient for the United States to evaluate compliance with HAVA and the NVRA. Proposed Intervenor-Defendant admits that the summary of requests in the Department's July 24 letter in Paragraph 38 is accurate but denies the remaining allegations. Proposed Intervenor-Defendant denies allegations that suggest Defendant violated federal law.

39. Proposed Intervenor-Defendant denies, based on the information available, that the answers contained in Secretary Bellows's August 8 letter were insufficient for the United States to evaluate compliance with HAVA and the NVRA. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 39 is accurate but denies the remaining allegations. Proposed Intervenor-Defendant denies allegations that suggest Defendant violated federal law.

40. Proposed Intervenor-Defendant denies, based on the information available, that the answers contained in Secretary Bellows's August 8 letter were insufficient for the United States to evaluate compliance with HAVA and the NVRA. Proposed Intervenor-Defendant admits that

the summary of the information regarding duplicate registrations in the 2024 and 2022 EAVS Reports is accurate. Proposed Intervenor-Defendant lacks sufficient information to admit or deny allegations pertaining to what data Maine provided to the EAC. Proposed Intervenor-Defendant admits that the summary of the requests in the Department's July 24 letter in Paragraph 40 is accurate. Proposed Intervenor-Defendant denies allegations that suggest Defendant violated federal law.

41. Proposed Intervenor-Defendant denies, based on the information available, that the answers contained in Secretary Bellows's August 8 letter were insufficient for the United States to evaluate compliance with HAVA and the NVRA. Proposed Intervenor-Defendant lacks sufficient information to admit or deny allegations pertaining to the basis for the August 8 letter. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 41 is correctly quoted from the August 8 letter. Proposed Intervenor-Defendant denies allegations that suggest Defendant violated federal law.

42. Proposed Intervenor-Defendant denies, based on the information available, that the answers contained in Secretary Bellows's August 8 letter were insufficient for the United States to evaluate compliance with HAVA and the NVRA. Proposed Intervenor-Defendant admits that the summary of the requests in the Department's July 24 Letter and quoted text in Paragraph 42 is accurate. Proposed Intervenor-Defendant denies allegations that suggest Defendant violated federal law.

43. Proposed Intervenor-Defendant denies, based on the information available, that the answers contained in Secretary Bellows's August 8 letter were insufficient for the United States to evaluate compliance with HAVA and the NVRA. Proposed Intervenor-Defendant lacks sufficient information to admit or deny allegations pertaining to what data Maine provided to

the EAC. Proposed Intervenor-Defendant admits that summary of the requests in the Department's July 24 letter in Paragraph 43 is accurate. Proposed Intervenor-Defendant denies allegations that suggest Defendant violated federal law.

44. Proposed Intervenor-Defendant denies, based on the information available, that the answers contained in Secretary Bellows's August 8 letter were insufficient for the United States to evaluate compliance with HAVA and the NVRA. Proposed Intervenor-Defendant lacks sufficient information to admit or deny allegations pertaining to the basis for the August 8 letter. Proposed Intervenor-Defendant admits that summary of the responses of the August 8 letter and quoted text in Paragraph 44 is accurate. Proposed Intervenor-Defendant denies allegations that suggest Defendant violated federal law.

45. Proposed Intervenor-Defendant denies, based on the information available, that the answers contained in Secretary Bellows's August 8 letter were insufficient for the United States to evaluate compliance with HAVA and the NVRA. Proposed Intervenor-Defendant lacks sufficient information to admit or deny allegations pertaining to what data Maine provided to the EAC. Proposed Intervenor-Defendant admits that the summary of the requests in the Department's July 24 letter in Paragraph 45 is accurate. Proposed Intervenor-Defendant denies allegations that suggest Defendant violated federal law.

46. Proposed Intervenor-Defendant denies, based on the information available, that the answers contained in Secretary Bellows's August 8 letter were insufficient for the United States to evaluate compliance with HAVA and the NVRA. Proposed Intervenor-Defendant lacks sufficient information to admit or deny allegations pertaining to the basis for the August 8 letter. Proposed Intervenor-Defendant admits the quoted text in Paragraph 46 is correctly

quoted from the August 8 letter. Proposed Intervenor-Defendant denies allegations that suggest Defendant violated federal law.

47. Proposed Intervenor-Defendant admits that the Department sent the August 18 letter. Proposed Intervenor-Defendant lacks sufficient information to admit or deny allegations pertaining to the basis for the August 18 letter. Proposed Intervenor-Defendant admits the quoted text in Paragraph 47 is correctly quoted from the August 18 letter. Proposed Intervenor-Defendant denies allegations that suggest Defendant violated federal law.

48. Proposed Intervenor-Defendant admits the quoted text in Paragraph 48 is correctly quoted from the August 18 letter.

49. Proposed Intervenor-Defendant admits that the summary of the responses of the August 18 letter and quoted text in Paragraph 49 is accurate. Proposed Intervenor-Defendant denies that the Department was authorized to request this information and that federal law required Maine to produce it.

50. Proposed Intervenor-Defendant admits that the summary of the responses of the August 18 letter and quoted text in Paragraph 50 is accurate, except that it lacks proper quotation marks. Proposed Intervenor-Defendant denies that the Department was authorized to request this information and that federal law required Maine to produce it.

51. Proposed Intervenor-Defendant admits that Secretary Bellows responded on September 8, 2025, and requested information about how the Department complies with the Privacy Act but denies the remaining allegations.

52. Proposed Intervenor-Defendant admits that the Civil Rights Division is required to comply with the Privacy Act but denies the remaining allegations.

53. Proposed Intervenor-Defendant denies that the information the Justice Department collects pursuant to its request will be maintained consistent with the Privacy Act, and that the information contained in Paragraph 53 establishes that the Justice Department will comply with the Privacy Act.

54. Proposed Intervenor-Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 54 and footnote 1.

55. Proposed Intervenor-Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 55. Proposed Intervenor-Defendant denies allegations that suggest Defendant violated federal law.

## CAUSE OF ACTION
## COUNT I: NATIONAL VOTER REGISTRATION ACT, 52 U.S.C. § 20507(i)

56. Proposed Intervenor-Defendant incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

57. Proposed Intervenor-Defendant denies the allegations in Paragraph 57.

58. Proposed Intervenor-Defendant denies the allegations in Paragraph 58.

## COUNT II: HELP AMERICA VOTE ACT, 52 U.S.C. § 21083

59. Proposed Intervenor-Defendant incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

60. Proposed Intervenor-Defendant denies the allegations in Paragraph 60.

61. Proposed Intervenor-Defendant denies the allegations in Paragraph 61.

62. Proposed Intervenor-Defendant denies the allegations in Paragraph 62.

63. Proposed Intervenor-Defendant denies the allegations in Paragraph 63.

## COUNT III: CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

64. Proposed Intervenor-Defendant incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

65. Proposed Intervenor-Defendant denies the allegations in Paragraph 65. Proposed Intervenor-Defendant denies that the United States is entitled to any relief in this action outlined in the unnumbered paragraphs below or otherwise.

## GENERAL DENIAL

Proposed Intervenor-Defendant denies every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint and without assuming any burden not imposed by law, Proposed Intervenor-Defendant asserts the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.
2. Plaintiff has failed to establish entitlement to injunctive relief.
3. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.
4. Plaintiff lacks authority to bring this cause of action.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint for Declaratory and Injunctive Relief, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint for Declaratory and Injunctive Relief with prejudice;

B. That judgment be entered in favor of Proposed Intervenor-Defendant and against Plaintiff on Plaintiff's Complaint for Declaratory and Injunctive Relief and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

September 29, 2025

Respectfully submitted,

/s/ Allan K. Townsend
Allan K. Townsend, Esq. (he/him)
Johnson & Webbert, LLP
1 Bowdoin Mill Island, Suite 300
Topsham, ME 04086
Tel: (207) 623-5110
Fax: (207) 622-4160
allan@work.law

Sejal Jhaveri*
Brent Ferguson*
Daniel S. Lenz*
Alexis Grady*
Renata O'Donnell*
Heather Szilagyi*
Kate Hamilton*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
sjhaveri@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
agrady@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
khamilton@campaignlegalcenter.org

*Pro Hac Vice Applications Forthcoming*
Counsel for Proposed Intervenor League of Women Voters of Maine