IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>SHENNA BELLOWS, in her official capacity as the Secretary of State of Maine, and the STATE OF MAINE<br><br>*Defendants*. | Case No. 1:25-CV-468-LEW |

**LEAGUE OF WOMEN VOTERS OF MAINE'S
RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Proposed Intervenor-Defendant the League of Women Voters of Maine ("LWVME") responds to the Notice of Supplemental Authority filed by Proposed Intervenors John Schneck and Marpheen Chann (collectively, "Individual Intervenors"), ECF No. 46. LWVME agrees that the supplemental authority, a recent order in *United States v. Benson*, No. 1:25-cv-1148-HYJ-PJG (W.D. Mich. Dec. 9, 2025), ECF No. 45 (Michigan Order), appropriately rejected Plaintiff's baseless arguments against intervention in a similar case Plaintiff brought against Michigan. *Id.* at 3-12. The court's analysis of those issues is persuasive, and this Court should similarly reject the identical arguments Plaintiff has made here. *See* ECF No. 39; *see also United States v. Oregon*, No. 6:25-cv-01666-MTK, 2025 WL 3496571 (D. Or. Dec. 5, 2025); Minute Order, *United States v. Weber*, No. 2:25-cv-09149-MFW-MAR (C.D. Cal. Nov. 19, 2025), ECF No. 70.

LWVME responds, however, to address the Michigan Order's short analysis, and ultimate denial, of the League of Women Voters of Michigan's motion to intervene, solely because it was

1

filed second. Michigan Order at 12-13. The Michigan Order's analysis on the separate motion to intervene was incorrect, and this Court should not follow suit, for at least four reasons.

*First*, by permitting only the first proposed-intervenor who filed to intervene, the Michigan Order eschews the timeliness analysis required under Rule 24(a) in favor of a new rule that when multiple intervenors have overlapping interests, only the first to file may participate in the case. The Order thus instructs interested parties to move quickly rather than carefully assess their claims, "contrary to important public policies discouraging needless litigation to reward [a] race to the courthouse." *Davox Corp. v. Digital Systems Int'l, Inc.*, 846 F. Supp. 144, 146 (D. Mass. 1993). The Michigan court did not assess whether the second-filed intervenor was timely under Rule 24(a), but only the sequence in which it sought to intervene. This type of arbitrary treatment is inappropriate under the Rule, which directs courts to look at factors like the progress of the case and potential prejudice to both the existing parties and the applicant. *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1230-31 (1st Cir. 1992); *but see* Michigan Order at 13 n.2.

*Second*, the Michigan Order incorrectly relies on *Wineries of the Old Mission Peninsula Association v. Township of Peninsula, Michigan*, 41 F.4th 767 (6th Cir. 2022), for the proposition that the adequacy of representation analysis under Rule 24(a) changes for successive intervenors even when the first intervention has not yet been granted. As that case makes clear, "[e]ach intervenor who *succeeds* in intervening *possibly* alters the analysis under Rule 24(a) for each proposed intervenor that comes later." *Id.* at 777 (emphases added). The plain text of the Federal Rules also indicates that the adequacy analysis is based on "existing parties." Fed. R. Civ. P. 24(a)(2). Cases in the First Circuit are in accord. *See Mut. Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 620 (D. Mass. 1988) (agreeing that "intervenors could not be considered 'parties' until their motions to intervene had been granted"); *see also In re Sierra Club, Inc.*, No. 12-1860,

2

2013 WL 1955877, at *1 n.1 (1st Cir. May 8, 2013) (permitting intervention by two separate parties represented by separate counsel). When two proposed intervenors' motions are pending at the same time, the court should not move the goalposts for the second-filing intervenor.

*Third*, and just as in this case, the second proposed intervenor's interests *were* different from the first. That party engages in different activities promoting civic participation and represents different members whose data was likely to be gathered without basis in law. This differentiation is doubly true here—LWVME is a statewide organization that promotes voter registration and represents hundreds of voters, unlike Individual Intervenors, who have important, but fundamentally different, interests.

*Fourth*, in both Michigan and in this case, Plaintiff did not make or develop an argument that only one intervenor should be allowed to join the case, instead addressing the proposed intervenors collectively and without distinction. *Compare* Opp. to Mots. to Intervene, *United States v. Benson*, No. 1:25-cv-1148 (W.D. Mich. Nov. 13, 2025), ECF No. 26 *with* ECF No. 39. If Plaintiff believed allowing two intervenors into the case would have caused excessive delay or inefficiency, it could have said so. But it didn't. As LWVME intends to follow all deadlines and coordinate appropriately with other parties, this Court should not rely on arguments that Plaintiff did not make.

While this Court should follow the lead of the federal district courts in California, Oregon, and now Michigan and reject Plaintiff's arguments against intervention, it should consider the two pending motions on equal footing and based on the standards set forth in Rule 24.

December 10, 2025                                             Respectfully submitted,

                                                              /s/ *Daniel S. Lenz*

Brent Ferguson*  
Daniel S. Lenz*  
Sejal Jhaveri*  
Renata O'Donnell*  
Heather Szilagyi*  
Alexis Grady*  
Kate Hamilton*  
Campaign Legal Center  
1101 14th St. NW, Suite 400  
Washington, DC 20005  
Tel: (202) 736-2200  
Fax: (202) 736-2222  
bferguson@campaignlegalcenter.org  
dlenz@campaignlegalcenter.org  
sjhaveri@campaignlegalcenter.org  
rodonnell@campaignlegalcenter.org  
hszilagyi@campaignlegalcenter.org  
agrady@campaignlegalcenter.org  
khamilton@campaignlegalcenter.org  

Allan K. Townsend, Esq. (he/him)  
Johnson & Webbert, LLP  
1 Bowdoin Mill Island, Suite 300  
Topsham, ME 04086  
Tel: (207) 623-5110  
Fax: (207) 622-4160  
allan@work.law  

Maura Eileen O'Connor  
Brennan Center for Justice  
at NYU School of Law  
777 6th St., NW, Ste. 1100  
Washington, DC 20001  
Tel: (202) 249-7190  
oconnore@brennan.law.nyu.edu  

Andrew B. Garber (NY5684147)  
Brennan Center for Justice  
at NYU School of Law  
120 Broadway, Suite 1750  
Tel: (646) 292-8310  
Fax: (212) 463-7308  
garbera@brennan.law.nyu.edu

Counsel for Proposed Intervenor-Defendant League of Women Voters of Maine

## **CERTIFICATE OF SERVICE**

      I, Daniel S. Lenz, do hereby certify that on this 10th day of December, 2025, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

Dated: December 10, 2025                                          Signature:  /s/ *Daniel S. Lenz*