UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>SHENNA BELLOWS, in her official capacity as the Secretary of State of Maine, and the STATE OF MAINE.,<br><br>  Defendants. | Case No. 1:25-cv-468-LEW |

## INTERVENORS JOHN SCHNECK AND MARPHEEN CHANN'S RESPONSE TO NOTICE OF DECISION

Intervenors John Schneck and Marpheen Chann ("Voter Intervenors") respond to the Department of Justice's January 12, 2026 notice of decision (ECF No. 78), and object to any inference that the cited procedural order has any relevance to or influence on this action.

On the substance, the district court's order in *United States v. Thomas*, No. 3:26-cv-00021 (D. Conn.) ("*Thomas* Docket"), ECF No. 10, does nothing to advance DOJ's request for relief in this case. The order *did not* order Connecticut to turn over its unredacted state voter registration list to DOJ; it merely set a briefing schedule in a one-page order that contains no legal analysis that could aid this Court. *See* ECF No. 78-1, Ex. A (Order); *see also In re Goodrich*, 184 F. 5, 10 (1st Cir. 1910) ("An order to show cause, issued by the court, is not a pleading, and the party on whom it is served has nothing to do but appear and show cause according to it."); *Davis v. O'Connor*, No. 18-cv-824, 2019 WL 13255483, at *1 (S.D. Cal. Jan. 17, 2019) ("[a]n order to show cause is not a decision, it is a call for additional briefing"). Nor did the order find that DOJ has adequately stated a claim for relief under the CRA, NVRA, or HAVA—never mind proven

1

such a claim.[1] Indeed, despite DOJ having now sued 24 different states for private voter data, no court in the nation has yet found DOJ's claims to be legally viable.

On the question of process, the Connecticut order is the first and *only* in any of those 24 pending cases in which a court has issued a similar order.[2] And it was issued before the State of Connecticut had appeared—indeed, before it was even served. *See generally Thomas* Docket. That means that the Court had no opportunity to hear or consider any opposing views on the propriety of proceeding as the DOJ requested before it acted. *See generally Thomas* Docket (showing no appearance by defense counsel as of January 13, 2026). With the benefit of briefing, the court may have well determined that, because the CRA "contains no provision specifying the procedure to be followed in invoking the court's jurisdiction, the Federal Rules of Civil Procedure apply." *United States v. Powell*, 379 U.S. 48, 58 n.18 (1964) (interpreting a similar provision to 52 U.S.C. § 20705 to require proceeding under the Federal Rules).

In contrast, this Court has had the benefit of briefing on whether to issue an order to show cause, and the parties have now nearly fully briefed their motions to dismiss. *See* ECF Nos. 52, 55, 62. There is nothing in the preliminary Connecticut order that supports changing course. Moreover, to the extent the Connecticut order actually means to affirmatively endorse a different procedure than those ordinarily applied by the Federal Rules of Civil Procedure in civil actions—

---

[1] In fact, in the Connecticut case, DOJ has abandoned both its NVRA and HAVA claims, and alleges only a single claim under the CRA (despite contending that it seeks the private voter data at issue to ascertain Connecticut's compliance with NVRA and HAVA). DOJ's sole CRA claim in that case is flawed for the same reason as its claim here, namely that it is not based on any reason to believe that Connecticut has violated any federal voting rights law. *See Thomas*, ECF No. 1.

[2] In *United States v. Raffensperger*—the Georgia equivalent of this case—the district court issued an order to show cause as to why jurisdiction was proper in the Middle District of Georgia, it having appeared that DOJ filed the case in the wrong district. *See* Order, Case No. 5:25-cv-548-CAR (M.D. Ga. Dec. 22, 2025), ECF No. 9. While titled an order to show cause, it is plainly not similar to the Connecticut order.

and it is not clear that it actually does—it is legally flawed for the reasons set forth in the oppositions to the motion to show cause already filed in this case. *See id*. Indeed, in the other courts in which the DOJ's parallel cases are proceeding against other states, the actions are proceeding with Rule 12 briefing—with such briefing complete in California, Oregon, and Michigan, and with this case and Pennsylvania to soon follow. These courts have rightly found that Rule 12 is the proper gatekeeping path to "test the [legal] sufficiency of the complaint." *Godin v. Schencks*, 629 F.3d 79, 89 (1st Cir. 2010). These courts, moreover, have had the benefit of advocacy on the question of what rules apply to this case, as well as on the merits, and are far more advanced in their proceedings.

Dated: January 13, 2026

Respectfully submitted,

*/s/ Elisabeth C. Frost*
Elisabeth C. Frost*
Christopher D. Dodge*
Branden D. Lewiston*
Tori Shaw*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
Telephone: (202) 968-4490
efrost@elias.law
cdodge@elias.law
blewiston@elias.law
tshaw@elias.law

James G. Monteleone
**BERNSTEIN SHUR**
100 Middle Street/PO Box 9729
Portland, Maine 04104-5029
jmonteleone@bernsteinshur.com

*Appearing Pro Hac Vice

*Counsel for Intervenors John Schneck and Marpheen Chann*

3