## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>SHENNA BELLOWS, in her official capacity as Maine Secretary of State; and the STATE OF MAINE,<br><br>                Defendants. | Civil Case No.: 1:25-cv-00468<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* FORMER EMPLOYEES OF THE U.S. DEPARTMENT OF JUSTICE** |

*Amici* Former Employees of the U.S. Department of Justice ("Former Employees") respectfully move for leave to file a brief in this matter as *amici curiae*. The proposed brief is attached to this motion. Defendants and both sets of Intervenors consent to this motion. Plaintiff takes no position.

The Former Employees are all attorneys who worked on voting enforcement in the Civil Rights Division of the U.S. Department of Justice (DOJ), either in DOJ's Voting Section, in the Appellate Section of the Civil Rights Division, or as political appointees. The identities of the individual *amici* are listed in Appendix A to the attached brief. Many of them made, reviewed, and approved information requests to States and localities under Title III of the Civil Rights Act of 1960, or have litigated under the Civil Rights Act, the National Voter Registration Act (NVRA), and the Help America Vote Act (HAVA) on behalf of the United States, while at DOJ. *Amici* have a strong interest in ensuring that the disclosure provisions of the NVRA and the Civil Rights Act continue to provide for robust disclosure and investigatory authority, but also that courts properly apply statutory text and precedent to avoid the sorts of abuses evidenced in this case.

The Court should exercise its discretion to allow the Former Employees to participate as *amici*. While "the Federal Rules of Civil Procedure are silent 'as to the conditions under which a

trial court should permit amicus appearances,'" each "district court retains 'the inherent authority to appoint amicus curiae to assist it in a proceeding.'" *Portland Pipe Line Corp. v. City of S. Portland*, 2017 WL 79948, at *4 (D. Me. Jan. 9, 2017). In deciding whether to accept amicus briefs, "courts in this circuit have considered whether 'there is an issue of general public interest, the amicus provides supplemental assistance to existing counsel, or the amicus insures a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *United States v. Maine*, 2025 WL 2582122, at *2 (D. Me. Sept. 5, 2025) (citing cases). Courts liberally exercise their discretion to grant leave to file amicus briefs. *See, e.g.*, *id.*; *Portland Pipe Line Corp.*, 2017 WL 79948, at *6; *cf. Neonatology Assocs. v. Comm'r of Internal Revenue*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.) (noting that the "predominant practice in the courts of appeals" is to grant motions for leave to participate as amicus "unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted").

The Court should grant the Former Employees leave to file a brief because their perspective as *amici* will be useful to the Court's consideration of the factual and legal issues in the case, including in deciding Defendants' motions to dismiss. The Former Employees are in a unique position. As attorneys who worked on voting cases at DOJ, the Former Employees retain a great respect for DOJ's legitimate enforcement role and seek to avoid artificial limitations on its statutory authority. Yet at the same time, their former roles as DOJ attorneys on voting cases gave them insight into and an appreciation for the statutory limits that prevent abuses of DOJ's enforcement authority. Given both their subject-matter expertise and their personal experience with the information-disclosure statutes at issue in this case, the Former Employees bring a uniquely helpful perspective. *See, e.g.*, *Maine*, 2025 WL 2582122, at *3 (granting amicus status

1

to nonprofit organizations because they "have specialized knowledge in this space and may 'help guide [this] Court to the correct decision'" (alteration in original)).

The Former Employees also add new information relevant to the Court's decision-making. First, they provide details of prior DOJ information requests under Title III, from which the requests made to nearly all States over the past year are a marked departure. Second, they provide information on how any legitimate concerns about instances of illegal registration or voting could be appropriately handled. And third, they provide media stories and public statements from DOJ to help the Court to assess whether DOJ's proffered "purpose" for obtaining States' full, unredacted voter rolls, 52 U.S.C. § 20703, differs from its apparent true purpose.

The *amici* Former Employees of the U.S. Department of Justice therefore request leave to file the attached amicus brief.

| | |
|---|---|
| Dated: February 20, 2026 | Respectfully submitted, |
| | /s/ Walter McKee |
| Noah B. Bokat-Lindell* | Walter McKee |
| O'MELVENY & MYERS LLP | MCKEE MORGAN, LLC, P.A. |
| 1625 Eye St. NW | 133 State Street |
| Washington, DC 20006 | Augusta, Maine 04330 |
| (202) 383-5300 | (207) 620-8294 |
| | WMcKee@McKeeMorgan.com |
| *pro hac vice* application pending | |

*Attorneys for* Amici Curiae *Former Employees of the U.S. Department of Justice*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February, 2026, I caused to be served a copy of the above document on all counsel of record and parties via the ECF system.

/s/ Walter McKee

Walter McKee