**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>SHENNA BELLOWS, in her official capacity as<br>the Secretary of State of Maine,<br>and the STATE OF MAINE,<br><br>        Defendants. | Case No. 1:25-cv-468-LEW |

## <u>INTERVENORS JOHN SCHNECK AND MARPHEEN CHANN'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Intervenors John Schneck and Marpheen Chann ("Voter Intervenors") respectfully provide the Court notice of supplemental authority supporting Voter Intervenors' pending Motion to Dismiss. After this morning's hearing, public reporting emerged indicating that the U.S. Department of Justice and the U.S. Department of Homeland Security "are close to finalizing an agreement that will allow the federal government to use sensitive voter registration data for immigration and criminal investigations."[1] The reporting further confirmed that DOJ "will share voter roll data that its Civil Rights Division is collecting from states with Immigration and Customs Enforcement Homeland Security Investigations as part of an effort to determine whether non-citizens are unlawfully registered or have cast ballots in prior elections." Importantly, the reporting emphasized that DOJ's "collection of voter roll data is being litigated in dozens of states, and the department has not yet disclosed its data-sharing plans to any of the courts." And it noted that it is unclear "whether all of the lawyers from the Civil Rights Division who are arguing the cases in

---

[1] *See* Sarah N. Lynch, *Justice Dept. close to finalizing deal to hand over states' voter roll data to Homeland Security, sources say*, CBS News (Mar. 26, 2026), https://perma.cc/T62F-J3ZF.

court are aware of the ongoing negotiations between the Justice Department and DHS about the data-sharing arrangement."

This reporting undercuts DOJ's representation that it intends to use Maine's unredacted voter list for ensuring compliance with the list maintenance provisions of the NVRA and HAVA, which only require states to conduct a program that makes reasonable efforts to remove from their rolls registrants who became ineligible due to death or change of residence. *See* 52 U.S.C. § 20507(a)(4). And DOJ's apparent intention to use the data for immigration and criminal enforcement—which is entirely disconnected from the concerns animating the Civil Rights Act of 1960—blows past the limiting principle DOJ articulated for proper uses of the CRA. The reporting thus buttresses Intervenors' contention that DOJ is trying to fit a square peg into a round hole, ripping a statute designed to protect voting rights out of its context and exploiting it for purposes not permitted by any reasonable construction of the law. Voter Intervenors respectfully submit that Plaintiff's case should be dismissed as a matter of law.

Dated: March 26, 2026

Respectfully submitted,

*/s/ Elisabeth C. Frost*
Elisabeth C. Frost*
Christopher D. Dodge*
Branden D. Lewiston*
Tori Shaw*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
Telephone: (202) 968-4490
efrost@elias.law
cdodge@elias.law
blewiston@elias.law
tshaw@elias.law

James G. Monteleone
**BERNSTEIN SHUR**

100 Middle Street/PO Box 9729
Portland, Maine 04104-5029
jmonteleone@bernsteinshur.com

*Admitted *Pro Hac Vice*

*Counsel for Voter Intervenors John Schneck and Marpheen Chann*