**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>SHENNA BELLOWS, in her official capacity as the Secretary of State of Maine and the STATE OF MAINE,<br><br>Defendants. | Case No: 1:25-cv-00468-LEW |

**UNITED STATES' RESPONSE TO NOTICE**
**OF SUPPLEMENTAL AUTHORITY (Dkt. 106)**

The United States respectfully submits this response to the Notice of Supplemental Authority filed by Intervenor-Defendants Intervenors John Schneck and Marpheen Chann, Dkt. 106. In *United States v. Galvin*, No. 25-13816, 2026 WL 972129 (D. Mass. Apr. 9, 2026) (*Galvin*), the District Court ruled that Title III of the Civil Rights Act of 1960 (CRA), 52 U.S.C. § 20703, requires that the Attorney General's written demand for records must provide a "*factual* basis," not just a legal basis, to support a demand. *Galvin*, 2026 WL 972129 at *3 (emphasis added). *Galvin* acknowledged that in *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), the stated basis for the demand was merely that there was "information in the possession of the Attorney General tending to show that" the states were violating the law. *Id.* at 229 n.6. Nevertheless, *Galvin* ruled that the Attorney General's written demand letters did not provide a factual basis that satisfied *Lynd*. *See* 2026 WL 972129 at *4. The United States respectfully disagrees with *Galvin*'s overly formalistic interpretation of CRA procedure. Another out-of-circuit district noted in a footnote that a similar pair of demand letters "collectively put [the State] on notice of the basis and purpose of its request, which is sufficient to comply with the CRA." *United States v. Benson*, No. 1:25-cv-

01148-HYJ-PJG, 2026 WL 362789 at *8 n.3 (W.D. Mich. Feb. 10, 2026), *appeal docketed*, No. 26-1225 (6th Cir. Feb. 27, 2026). If the Court is persuaded by *Galvin*'s formalistic approach, the United States requests that the Court provide leave for the United States to send Secretary Bellows a curing elaboration letter rather than dismiss on the merits to avoid unnecessary delay in resolution of the underlying legal issues.[1]

Dated: April 14, 2026.

Respectfully submitted:


HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division


*/s/ James Thomas Tucker*
TIMOTHY F. MELLETT
JAMES THOMAS TUCKER
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.923
Washington, D.C. 20530
Telephone: (202) 307-2767
Email: james.t.tucker@usdoj.gov

---

[1] Judge Kari A. Dooley, United States District Judge for the District of Connecticut, suggesting the requisite cure for any alleged deficiency in the written demand, said: "If . . . I find the [written demand] letter does not meet the requisites for a court order, aren't we just back here in six months after a new letter has been sent?" *United States v. Thomas*, No. 3:26-cv-00021-KAD, Tr. of Oral Arg. 85:19-22 (D. Conn. Mar. 19, 2026) (attached as Ex. 1).

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ James Thomas Tucker*
James Thomas Tucker