**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SHENNA BELLOWS, in her official capacity as the Secretary of State of Maine and the STATE OF MAINE,<br><br>    Defendants. | Case No. 1:25-cv-468-LEW |

**INTERVENORS JOHN SCHNECK AND MARPHEEN CHANN'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors John Schneck and Marpheen Chann ("Voter Intervenors") respectfully provide the Court notice of supplemental authority supporting Voter Intervenors' pending Motion to Dismiss. *See* ECF No. 61. Earlier today, a federal district court in Arizona dismissed DOJ's parallel suit seeking Arizona's unredacted statewide voter registration list. *See generally* Order, *United States v. Fontes*, No. 2:26-cv-00066-SMB (D. Ariz. Apr. 28, 2026), ECF No. 50 (attached hereto as Exhibit A). The court first determined, like every other to recently reach the issue, that the Federal Rules of Civil Procedure govern DOJ's suits, and thus are subject to Rule 12(b)(6) motions. *See id.* at 2. Next, adopting the logic of the Michigan district court's decision in *Benson,* the Arizona district court dismissed DOJ's single-count complaint under the Civil Rights Act of 1960 (CRA) on the basis that the State's voter registration list is not a record or paper subject to Title III of the CRA. *See id.* at 8 (citing *Benson*, 2026 WL 362789, at *9 (W.D. Mich. Feb. 10, 2026)).

1

Specifically, the court held a statewide voter registration list does not "come into [the] possession" of state election officials, as that phrase is used in the CRA, because it refers to records and papers that election officials receive from external sources, like voters. *Id.* at 6 (quoting 52 U.S.C. § 20701); *see also* Mem. in Supp. of Mot. to Dismiss, ECF No. 61 at 9 (Voter Intervenors advancing this argument). The district court noted that, in contrast, a voter registration list is an internal record created by the State itself. *Id.*

The court explained that its interpretation was reinforced by the NVRA and HAVA. *See id.* at 7–8. For example, the court highlighted that the CRA makes election officials criminally liable for altering election records; the precise opposite of the continuous list maintenance required by the NVRA and HAVA. *See id.*; *see also* 52 U.S.C. § 21083(a)(2)(A) (requiring States to perform list maintenance "on a regular basis"). At oral argument, Voter Intervenors highlighted this precise inconsistency between federal list maintenance law and DOJ's novel interpretation of the CRA. *See* March 26, 2026 Tr. at 29:4–30:21.

In sum, six district courts have now dismissed DOJ's complaints in these matters, whereas not one has found it to have stated a valid claim. These decisions support Voter Intervenors' argument that DOJ's complaint must be dismissed as a matter of law. *See* Mem. in Supp. of Mot. to Dismiss, ECF No. 61.

Dated: April 28, 2026                    Respectfully submitted,

                                         */s/ Elisabeth C. Frost*
                                         Elisabeth C. Frost*
                                         Christopher D. Dodge*
                                         Branden D. Lewiston*
                                         Tori Shaw*
                                         **ELIAS LAW GROUP LLP**
                                         250 Massachusetts Ave. NW, Suite 400
                                         Washington, DC 20001

Telephone: (202) 968-4490
efrost@elias.law
cdodge@elias.law
blewiston@elias.law
tshaw@elias.law

James G. Monteleone
**BERNSTEIN SHUR**
100 Middle Street/PO Box 9729
Portland, Maine 04104-5029
jmonteleone@bernsteinshur.com

\*Admitted *Pro Hac Vice*

*Counsel for Voter Intervenors John Schneck
and Marpheen Chann*

3